UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **NAKYA BURNS** | **CASE NO. 3:18-CV-01608** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **SIMPLY 10 OR 10 BELOW, L.L.C., ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court, is a motion to dismiss for failure to state a claim upon which relief can be granted [doc.# 12] filed by defendant, Simply 10 d/b/a 10 Below, L.L.C. For reasons assigned below, it is recommended that the motion to dismiss be GRANTED, and that plaintiff's complaint be DISMISSED, as to all parties, in its entirety.

### Background

On December 12, 2018, Nakya Burns filed the instant pro se complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, against her former employer, Simply 10 d/b/a 10 Below, L.L.C. ("Simply 10") and Patricia Kelly, a Simply 10 manager. (Compl.).[1] She alleges that while employed as a sales associate at Simply 10, she became ill on May 1, 2016, and was hospitalized following a miscarriage. On May 4, 2016, Burns brought a doctor's excuse to her store manager, Patricia Kelly. Burns subsequently was cleared to return to work on May 9, 2016. However, on May 11, 2016, Kelly informed Burns that, effective that date, her employment was terminated. *See* EEOC Charge; Compl., Exh.

---

[1] On the court-supplied complaint form, Burns listed only Patricia Kelly as a defendant. In the caption of the complaint, however, she listed "Simply 10 or 10 Below, L.L.C." as defendant(s). It appears that the Clerk of Court has captured three iterations of the Simply 10 employer/entity on the docket sheet.

Burns contends that her discharge was based on her gender/sex (because she had a miscarriage), and therefore, unlawful. She seeks an award of lost wages, plus reinstatement, and an order requiring Simply 10 to implement guidelines and processes to ensure that this type of conduct never recurs.

According to plaintiff, she filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") on April 27, 2017, a copy of which she appended to her complaint. (Compl., Exh.). The charge specifies that the earliest and latest date that discrimination occurred was May 11, 2016, i.e., the date that Burns was discharged from employment. (EEOC Charge, Compl., Exh.).[2] On September 27, 2018, the EEOC issued Burns a right to sue notice. (Dismissal and Notice of Rights; Compl., Exh.). Plaintiff filed the instant complaint within 90 days thereafter.

On April 8, 2019, Simply 10 filed the instant motion to dismiss the complaint for failure to state a claim upon which relief can be granted on the basis that plaintiff failed to file a timely charge of discrimination with the EEOC – a prerequisite to a subsequent Title VII suit. Plaintiff did not file a response to the motion, and the time to do so has lapsed. (Notice of Motion Setting [doc. # 15]). Therefore, the motion is deemed unopposed. *Id*.

---

[2] Burns wrote in her complaint that the discriminatory conduct occurred on May 11, 20**18**. (Compl.). However, the year of that date must have been a typographical error because she also wrote on her complaint that she filed her EEOC charge on April 27, 20**17**, which is supported by the actual charge itself. Clearly, plaintiff could not have filed a charge before the alleged discriminatory occurred. Moreover, when, as here, an allegation in the complaint is contradicted by an exhibit attached to the pleading, then the exhibit controls. *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) (citation omitted).

### **Discussion**

**I. 12(b)(6) Standard**

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ." Fed.R.Civ.P. 8(a)(2).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between. *See Iqbal, supra*. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965. Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra* (citation omitted). A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly,*

Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. Moreover, courts are compelled to dismiss claims grounded upon invalid legal

theories even though they might otherwise be well-pleaded. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Nevertheless, "[t]he notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision." *Gilbert v. Outback Steakhouse of Florida Inc.*, 295 Fed. Appx. 710, 713 (5th Cir. 2008) (citations and internal quotation marks omitted). Further, "a complaint need not pin plaintiff's claim for relief to a precise legal theory. Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of [her] legal argument." *Skinner v. Switzer*, 562 U. S. 521, 131 S. Ct. 1289, 1296 (2011). Indeed, "[c]ourts must focus on the substance of the relief sought and the allegations pleaded, not on the label used." *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013) (citations omitted). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quoting *Bell Atl.*, 127 S. Ct. at 1958). In the context of employment discrimination claims, "the ordinary rules for assessing the sufficiency of a complaint apply," and a plaintiff need not establish a prima facie case of employment discrimination in her complaint. *Swierkiewicz v. Sorema*, 534 U.S. 506, 511, 122 S.Ct. 992, 997 (2002).

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" – including public records. *Dorsey, supra*; *Norris v. Hearst Trust*, 500 F.3d 454, 461 n9 (5th Cir. 2007) (citation omitted) (proper to take judicial

4

notice of matters of public record). Furthermore, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [her] claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-499 (5th Cir. 2000) (citations and internal quotation marks omitted).

## II.     Title VII Exhaustion

Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. *Taylor v. Books A Million, Inc*. 296 F.3d 376, 378 -379 (5th Cir. 2002); *Dao v. Auchan Hypermarket,* 96 F.3d 787, 788-89 (5th Cir. 1996). A Title VII plaintiff exhausts administrative remedies when she files a *timely* charge with the EEOC and receives a statutory notice of right to sue. *Id*.

In a "deferral state" such as Louisiana,[2] a Title VII plaintiff must file a charge of discrimination with the EEOC within 30 days after receiving notice that the state or local agency has terminated proceedings or within 300 days of the alleged discriminatory employment action, whichever is earlier. 42 U.S.C. § 2000e-5(e)(1); *Burrell v. Brown,* 2000 WL 1056312, *3 (5th Cir. 2000) (unpubl.); *Janmeja v. Board of Supervisors of Louisiana State University,* 96 Fed. Appx. 212, 214 (5th Cir. 2004). This filing deadline acts as a statute of limitations which is subject to waiver, estoppel, and equitable tolling. *Kirkland v. Big Lots Stores, Inc.*, No. 12-0007, 2013 WL 495782, at *2 (W.D. La. Feb. 7, 2013) (citation omitted).

---

[2] "A deferral state is one in which state law prohibits discrimination in employment and a state agency has been established to grant or seek relief for such discriminatory practice. *Clark v. Resistoflex Co.,* 854 F.2d 762, 765 n. 1 (5th Cir. 1988). The Louisiana Commission on Human Rights has been funded and operating since April 1994, making Louisiana a deferral state since that time. La. R.S. § 51:2233; G. Guidry, *Employment Discrimination Claims in Louisiana,* 45 La. B.J. 240, 241 (Oct. 1997); G. Huffman, *The Louisiana Commission on Human Rights--Now It's for Real,* Briefly Speaking, Spring 1995, at 4 (New Orleans Bar Ass'n)." *Singleton v. RPM Pizza, Inc.,* 2004 WL 2216530, *3, n.1 (E.D. La. 2004).

Here, the alleged discriminatory employment action -- Burns's termination -- occurred on May 11, 2016. However, plaintiff did not file her charge with the EEOC until April 27, 2017 – more than 300 days later. Accordingly, she failed to timely exhaust administrative remedies, and her suit is subject to dismissal on that basis. *Moore v. Angus Chem. Co.*, No. 07-0415, 2008 WL 4491592, at *7 (W.D. La. Oct. 1, 2008) *Lovell v. Office of Fin. Institutions*, No. 18-0575, 2019 WL 1233856, at *3 (M.D. La. Mar. 15, 2019) (citations omitted).[3]

### III. Other Defendant(s)

The court notes that neither Patricia Kelly, nor any of the other versions of Simply 10 (insofar as they exist) joined in the motion to dismiss. Nonetheless, they are entitled to dismissal on the same or similar grounds as the moving defendant. *Lewis v. Lynn*, 236 F.3d 766, 768, 236 F.3d 766 (5th Cir. 2001) (where defending party establishes that plaintiff has no cause of action, the defense generally inures to the benefit of a non-appearing co-defendant). Moreover, generally, only employers may be liable under Title VII. *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007) (citations omitted). There is no indication or argument that Kelly was plaintiff's employer for purposes of Title VII.

### Conclusion

For the reasons set forth above,

IT IS RECOMMENDED that defendant's motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 12] be GRANTED, and that plaintiff's complaint be DISMISSED with prejudice, as to all parties, in its entirety, at plaintiff's cost. FED. R. CIV. P. 12(b)(6).[4]

---

[3] Moreover, plaintiff provided no grounds to excuse her inaction or to otherwise toll the 300 day period.

[4] To the extent that the undersigned has expanded upon the grounds for dismissal urged by movant, the instant report and recommendation provides adequate notice to the parties. *McCoy v. Wade*, 2007 WL 1098738, *1 (W.D. La. Mar. 12, 2007) (the report and recommendation itself provides adequate notice to the parties). In any event, the court possesses the inherent authority to dismiss a

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 10th day of May 2019.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

party sua sponte. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)); *see also Spann v. Woods*, 1995 WL 534901 (5th Cir. 1995) (unpubl.) (the district court sua sponte dismissed claims under 12(b)(6) although the defendants never filed a motion to dismiss, nor did they plead failure to state a claim in their answer).